[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11012
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-00079-JSM-TGW

ANTONIO LOPEZ,

Plaintiff - Appellant,

versus

STANDARD INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 3, 2018)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Antonio Lopez appeals the district court's decision granting Standard Insurance Company's motion for summary judgment and denying his motion for summary judgment in his case brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461.  He argues the district court committed plain error by considering evidence generated after the administrator of his employee benefit plan denied him disability benefits.  After careful review, we affirm.

I.

In May 2003, Lopez began working as a sheetrock applicator for Palm Harbor Homes, Inc.  In late September 2005, Lopez stopped working there, saying he was suffering from groin pain and cramping.  He returned to work on November 22, but was terminated the next day.

Palm Harbor Homes offered disability insurance to its employees through Standard Insurance.  Under Lopez's policy with Standard, Lopez was eligible for benefits if he was disabled from performing his "Own Occupation"—a sheetrock applicator—for up to 24 months.  After 24 months, Lopez would remain eligible for benefits only if his disability prevented him from working in "Any Occupation."  The policy defined "Any Occupation" as "any occupation or employment which you are able to perform . . . and in which you can be expected

2

to earn at least 60% of your Indexed Predisability Earnings within twelve months following your return to work."

On October 13, 2006, almost a year after he left Palm Harbor Homes, Lopez filed a long term disability claim with Standard Insurance. He said he was injured on June 1, 2005 at Palm Harbor Homes and suffered epididymitis and dislocated spinal discs from heavy lifting.

During a series of appeals spanning almost ten years, Standard obtained a number of reports reviewing Lopez's medical records. These reviews found that Lopez would face some restrictions from work but would be capable of performing sedentary jobs. In January 2015, Standard also obtained a report from a vocational consultant. Based on Lopez's work history and the medical reports suggesting he could perform sedentary work, the vocational consultant determined Lopez could be employed as a customer service representative or an information clerk. Using 2013 wage data from the Bureau of Labor Statistics, the report estimated that those positions would have paid $14.13 and $12.60 per hour, respectively. This was above Lopez's previous wage of $9.39 per hour.

On February 9, 2015, Standard finally approved Lopez's claim for benefits through the "Own Occupation" period, but denied benefits under the "Any Occupation" standard after determining Lopez was still able to perform sedentary work. On May 14, 2015, Lopez appealed Standard's decision. As part of its

3

review of Lopez's appeal, Standard obtained another medical review of Lopez's file.  Other than two discrete periods in 2013 and 2014, the review found that Lopez would have been able to perform sedentary work from December 2007 to the present.  On June 24, 2015, Standard advised Lopez that it was affirming its decision.

In January 2016, Lopez brought suit against Standard seeking long-term disability benefits and attorney's fees and costs under ERISA.  Standard moved for summary judgment, arguing that Lopez had presented no objective medical evidence saying he was incapable of performing sedentary work, and Standard's decision was therefore reasonable.

Lopez filed his own motion for summary judgment.  Lopez argued, among other things, that Standard's vocational consultant erred in using income data from 2013 rather than 2007 when analyzing whether Lopez would be able "to earn at least 60% of [his] indexed predisability earnings within 12 months following [his] return to work."  In response, Standard said its vocational expert used the most recent wage data available, which was only inaccurate because Lopez's claim was unusually old.  In any event, Standard attached the relevant 2007 data to show that the analysis reached the same result using either the 2007 or 2013 data.  Lopez then asked the court to strike the 2007 data included in Standard's reply brief, which was not part of the administrative record.

4

A magistrate judge prepared a Report and Recommendation ("R&R") recommending that Standard's motion for summary judgment be granted.  Having reviewed the administrative record, the magistrate judge found that Lopez was not disabled from performing any occupation as of December 2007.  The magistrate judge noted that three independent medical consultants said they believed Lopez could perform sedentary work.  As to Lopez's challenge to the vocational consultant's report, the magistrate judge found that Standard was not required to obtain vocational expert evidence in the first place, and that in any event, any error in the type of evidence used had been corrected and was harmless.  Neither Lopez nor Standard filed any objections to the R&R.  The district court adopted the R&R, granted Standard's motion for summary judgment and denied Lopez's motion for summary judgment.  This appeal followed.

## II.

An ERISA plan participant may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132 (a)(1)(B).  "We review de novo a district court's ruling affirming or reversing a plan administrator's ERISA benefits decision, applying the same legal standards that governed the district court's decision."  Blankenship v. Metro. Life Ins. Co., 644 F.3d 1350, 1354 (11th Cir. 2011) (per curiam).

5

This Court follows a multi-step framework to review ERISA plan benefits decisions. The first step of this inquiry is to "[a]pply the de novo standard to determine whether the claim administrator's benefits-denial decision is 'wrong' (i.e., the court disagrees with the administrator's decision)." Id. at 1355 (quotation omitted). In doing this review, we consider only "the material available to the administrator at the time it made its decision." Id. at 1354. This rule "prevents post-hoc relitigation of the substantive claim and encourages a full development of the record before the administrator." Bloom v. Hartford Life & Accident Ins. Co., 917 F. Supp. 2d 1269, 1277 (S.D. Fla. 2013). If we agree with the administrator's decision, then that is the end of the inquiry. Blankenship, 644 F.3d at 1355. If not, and if the plan administrator had discretion in reviewing claims, we review the decision "under the more deferential arbitrary and capricious standard," taking into account any possible conflict of interest the administrator may have. Id.

However, both parties agree our review is more limited in this case because Lopez failed to object to the magistrate judge's R&R even though he was given notice and an opportunity to do so. Under Eleventh Circuit rules, when a party fails to object to a magistrate judge's R&R, we review only "for plain error, if necessary in the interests of justice." Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1257 (11th Cir. 2017).

6

III.

Lopez raises one issue on appeal: that the district court "erred by considering evidence generated after the administrator of an employee benefit plan made its final decision to deny disability benefits." He says this was plain error, warranting reversal.

It is true that "[r]eview of the plan administrator's denial of benefits is limited to consideration of the material available to the administrator at the time it made its decision." Blankenship, 644 F.3d at 1354. And that is what the magistrate judge did here, performing a thorough analysis of the medical evidence that was before Standard and determining that Standard's decision denying benefits under the Any Occupation standard was not wrong. This decision was supported by three medical consultants who opined that Lopez could perform sedentary work as of December 2007. Standard's vocational consultant also determined that particular jobs met Lopez's restrictions and paid sufficient wages that Lopez could be expected to earn at least 60% of his predisability earnings in such positions, as required under his policy. While Lopez argued that the vocational consultant's report would have been more accurate if she used data from 2007 rather than 2013, this does not mean that it was error for Standard to rely on its vocational consultant's analysis. And when Lopez raised this issue in the district court, it was not plain error for the court to note that the analysis turned

7

out the same no matter which data was used.  This was not an example of an insurer initiating a post-hoc relitigation of Lopez's claim based on new evidence. See Bloom, 917 F. Supp. 2d at 1277.  Standard's position has always been that Lopez did not meet his burden of showing that he was disabled from performing any occupation because he could perform sedentary work.  The district court agreed.  Plain error review is a difficult standard to meet, and we cannot say Lopez has done so here.  We therefore affirm the district court's grant of Standard's motion for summary judgment.

    **AFFIRMED.**